**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| BEN WEISFELD, RANDY ALEXANDER, LINDA TUCKER, KEVIN BROWN, RICHARD GUARDINO, and MEMPHIS CENTER FOR INDEPENDENT LIVING, | ) ) ) ) | |
| | ) | |
| Plaintiffs, individual and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 2:22-cv-2133-JPM-tmp |
| v. | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION and DOES 1–25, inclusive, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT FEDEX'S MOTION TO STAY PROCEEDINGS
PENDING SETTLEMENT IN RELATED ACTION**

Before the Court is Defendant Federal Express Corporation's ("FedEx") Motion to Stay Proceedings Pending Settlement in Related Action, filed on September 23, 2022.  (ECF No. 37.) Plaintiffs Ben Weisfeld, Randy Alexander, Linda Tucker, Kevin Brown, Richard Guardino, and Memphis Center for Independent Living ("MCIL") (collectively, "Plaintiffs") filed a Response in Opposition on October 7, 2022.  (ECF No. 42.)  The Motion is **GRANTED**.

## I.     BACKGROUND

Plaintiffs brought this action against FedEx and Does 1-25 (collectively, "Defendants") alleging that FedEx's unattended mail drop box design (a model "DE" drop box) violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 1210 *et seq.* because the boxes are inaccessible to individuals in wheelchairs.  (ECF No. 30.)  Specifically, Plaintiffs assert that the drop boxes at

issue have "a height over the ADA Accessibility Guidelines ("ADAAG") reach range standards, and the force required to operate the drop box doors exceeded the ADAAG's operable part standards."  (ECF No. 30 ¶ 41.)

Plaintiff Ben Weisfeld filed his initial complaint on April 3, 2022 (ECF No. 1) and his First Amended Complaint on April 25, 2022.  (ECF No. 12.)  Plaintiffs filed their Second Amended Complaint with leave of the court, joining the claims of the additional Plaintiffs on June 30, 2022.  (ECF No. 30.)  FedEx filed its Motion to Stay Proceedings Pending Settlement in Related Action on September 23, 2022.  (ECF No. 37.)  Plaintiffs filed their Response in Opposition on October 7, 2022.  (ECF No. 42.)

FedEx requests that the Court exercise its inherent power to stay the proceedings pending the resolution of settlement negotiations in a related case, Janne Kouri v. Federal Express Corporation, 2:21-cv-08066-DMG-JEM (C.D. Cal.) [hereinafter "the Kouri action"] in the Central District of California.  FedEx additionally argues that the first-to-file rule justifies the Court staying the instant action.  (ECF No. 37-1 at PageID 230.)

## II.    LEGAL STANDARD

### A) Staying an action under the Court's inherent authority

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "[T]he entry of such an order ordinarily rests with the sound discretion of the District Court" Ohio Env't Council v. U.S. Dist. Ct., S. Dist. Of Ohio, Eastern Div., 565 F.2d 393, 396 (6th Cir. 1977).

> A court may stay the proceedings in a class action pending the entry of a final judgment in another class action where the members of the class in the stayed action are members of the class certified in the other action and a final judgment on the merits in the other action would be res judicata as to the class members in the stayed

2

> action. However, a party to a class action is not entitled to a stay in the proceeding
> merely because he or she is facing substantially identical litigation in another
> forum, but rather, there must be a pressing need or clear case of hardship or inequity
> before a court will stay proceedings before it so that the litigation elsewhere may
> proceed to judgment.

32B Am. Jur. 2d <u>Fed. Cts.</u> § 1722 (citing <u>Taunton Gardens Co. v. Hills</u>, 421 F. Supp. 524 (D. Mass.

1976), <u>judgment aff'd</u>, 557 F.2d 877 (1st Cir. 1977); <u>Groves v. Insurance Co. of North America</u>,

433 F. Supp. 877 (E.D. Pa. 1977)).  When a stay in one case will impact the rights of litigants in

another case,

> the suppliant for a stay must make out a clear case of hardship or inequity in being
> required to go forward, if there is even a fair possibility that the stay for which he
> prays will work damage to some one else. Only in rare circumstances will a litigant
> in one cause be compelled to stand aside while a litigant in another settles the rule
> of law that will define the rights of both. Considerations such as these, however,
> are counsels of moderation rather than limitations upon power.

<u>Landis</u>, 299 U.S. at 255; <u>see also</u> <u>Ohio Env't Council</u>, 565 F.2d at 396 ("Thus the burden is on the

party seeking the stay to show that there is pressing need for delay, and that neither the other party

nor the public will suffer harm from entry of the order.").

**B) Legal standard for first-to-file Rule**

"The first-to-file rule is a prudential doctrine that grows out of the need to manage

overlapping litigation across multiple districts." <u>Baatz v. Columbia Gas Transmission, LLC</u>, 814

F.3d 785, 789 (6th Cir. 2016).  The rule "provides that, when actions involving nearly identical

parties and issues have been filed in two different district courts, the court in which the first suit

was filed should generally proceed to judgment." <u>Id.</u> (internal citations omitted).  In deciding

whether to apply the first-to-file rule, "courts generally evaluate three factors: (1) the chronology

of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at

stake." <u>Id.</u>  If the three factors above "support application of the rule, the court must also determine

whether any equitable considerations, such as evidence of 'inequitable conduct, bad faith,

anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case." Id. (internal citations omitted). The decision of whether to apply the first-to-file rule is within the discretion of the district court, and the court should "dispense with the first-to-file rule where equity so demands." Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., 16 F. App'x 433, 437 (6th Cir. 2001). "[D]eclining to apply the first-to-file rule [when the three factors are met] should be done rarely." Baatz, 814 F.3d at 793.

When applying the first-to-file rule, a district court "may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." Id. (quoting Smith v. SEC, 129 F.3d 356, 361 (6th Cir. 1997) (further internal citation omitted)). These factors do not represent an "exhaustive list." Id.

## III.    ANALYSIS

### A)  A stay under the Court's inherent authority

FedEx makes three arguments for why a stay should be ordered under the court's inherent authority: 1) approval of the Kouri settlement would serve as res judicata in the instant action, 2) staying the case would avoid a potentially unnecessary expenditure of litigant and court resources, and 3) staying the instant action would avoid the potential for duplicative or conflicting rulings. (ECF No. 37-1 at PageID 228–31.) FedEx also argues that a stay will not prejudice Plaintiffs or their proposed class members, since Plaintiffs may raise objections at the Central District of California's fairness hearing for the Kouri action.

Because the Court finds that a stay is justified under the first-to-file rule, it does not reach a decision as to whether a stay is justified under the Court's inherent authority.

**B)  A stay is justified under the first-to-file rule**

FedEx argues that the three factors of the first-to-file rule are present, and that there are no equitable considerations that would weigh against staying the instant action.  (ECF No. 37-1 at PageID 230–31.)  Plaintiffs do not argue that the first-to-file factors are not met, but instead argue that the rule should not be applied in the instant case for equitable reasons.  (ECF No. 42 at PageID 393–94.)

*i.     Chronology of events*

"The dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed."  Baatz, 814 F.3d at 790.  "[F]or purposes of first-to-file chronology, the date that an original complaint is filed controls."  Aero Advanced Paint Tech., Inc. v. Int'l Aero Products, LLC, 351 F. Supp. 3d 1067, 1070 (S.D. Ohio 2018) (quoting Zide Sport Shop, 16 F. App'x at 437) (further internal citation omitted).

 The Complaint in Kouri was filed on October 9, 2021.  (ECF No. 37-1 at PageID 224.) The Complaint in the instant action was filed nearly five months later, on March 4, 2022.  (ECF No. 1.) This factor favors applying the first-to-file rule.

*ii.    Similarity of the parties*

"The first-to-file rule applies when the parties in the two actions 'substantial[ly] overlap,' even if they are not perfectly identical."  Baatz, 814 F.3d at 790 (internal citations omitted) (alteration in original).  "In a class action, the classes, and not the class representatives, are compared" and the court is to look at the "overlap with the putative class." Johnson v. Intelemedia Commc'ns, Inc., No. 2:18-cv-02018-JPM-tmp, 2018 WL 11373367, *2 (W.D. Tenn. July 11, 2018) (quoting Ross v. U.S. Bank Nat. Ass'n, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) and Baatz, 814 F.3d at 791).

FedEx argues that "the class definitions are substantially similar and would include the same putative class members, representing far more than mere overlap."  (ECF No. 37-1 at PageID 231.) The settlement class certification proposed by the parties in the <u>Kouri</u> action is

> All wheelchair users with qualified mobility disabilities who attempted to utilize any FEDERAL EXPRESS CORPORATION Drop Box in the United States in the preceding two-year period.

(ECF No. 37-4 at PageID 571.)  The class certification sought by Plaintiffs in the instant action is

> All persons that use a wheelchair and have mobility disabilities who were denied meaningful access to FEDERAL EXPRESS CORPORATION drop boxes in the United States (the "Nationwide Injunctive Class").

(ECF No. 30 ¶ 82.)  FedEx argues that these two "class definitions are substantially similar and would include the same putative class members, representing far more than mere overlap." Plaintiffs do not address this argument in their Response.  (<u>See generally</u> ECF No. 42.)

These two proposed class definitions are substantially similar, even if they are not perfectly identical.  This factor favors applying the first-to-file rule.

*iii.*    *Similarity of the issues*

"Just as with the similarity of the parties factor, the issues need only to substantially overlap in order to apply the first-to-file rule."  <u>Baatz</u>, 814 F.3d at 791 (internal citations omitted).  "The issues need not be identical, but they must 'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'"  <u>Id.</u> (quoting <u>Smith</u>, 129 F.3d at 361 (further internal citation omitted in original)).

FedEx argues that the issues in the two cases "are virtually identical and seek the same injunctive relief."  (ECF No. 37-1 at PageID 231.)  Plaintiffs do not address this argument in their Response.  (<u>See generally</u> ECF No. 42.)  Both cases allege that FedEx's unmanned mail and package drop boxes had "excessive reach range and maximum force" conditions that did not

comply with the requirements of the Americans with Disabilities Act ("ADA")[1].  (ECF No. 30 ¶¶ 4–5; Kouri, ECF No. 23 ¶¶ 3–4.)  Both cases seek similar injunctive relief in the form of permanent injunctions requiring that: 1) Defendants bring their drop boxes in compliance with the ADA, 2) Defendants modify their existing repair and maintenance procedures to ensure that the alleged issues do not reoccur, and 3) Plaintiffs be allowed to appoint representatives to observe Defendants' drop boxes to ensure that the injunctive relief has been implemented and will remain in place.  (ECF No. 30 ¶ 7; Kouri, ECF No. 23 ¶ 6.)

While the wording between the Complaints is not identical and the Kouri action plaintiff asserts additional state law claims and requests monetary relief, the issues in the instant action substantially overlap with the issues in Kouri.  This factor favors applying the first-to-file rule.

### iv.     Equitable considerations

Where "all three factors of the first-to-file rule are satisfied . . ., [a court] must also evaluate whether there any equitable concerns that weigh against applying it."  Baatz. at 792.  Such considerations allow the court to avoid a "wooden application of the rule . . . .  However, deviations from the rule should be the exception, rather than the norm."  Id. (internal citations omitted).  "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping."  Zide Sport Shop, 16 F. App'x at 437.

Plaintiffs argue that there are equitable considerations which justify not applying the first-to-file rule in this specific case.  Plaintiffs argue that the instant action has developed further than the Kouri suit, and that the "Parties have engaged in significant discovery," while "the [Kouri] action does not indicate that significant discovery has occurred, if any at all."  (ECF No. 42 at

---

[1] The Complaint in Kouri also alleges violations of California's Unruh Civil Rights Act, which is not at issue in the instant action.  (Kouri, ECF No. 23)

PageID 394.)  Plaintiffs also point generally to "other equitable reasons discussed" in the response memorandum, which appears to reference allegations that FedEx engaged in bad faith and showed a lack of candor related to its settlement negotiations in the <u>Kouri</u> action. (ECF No. 42 at PageID 394.)

Regardless of the progress of discovery in the two actions, it does not appear that the instant action has developed further than the <u>Kouri</u> action as a whole.  The schedules for each action have deadlines that are roughly similar, with many of the <u>Kouri</u> action deadlines currently set earlier than the deadlines in the instant action.  (ECF Nos. 26, 33; <u>Kouri</u>, ECF No. 32-1.)  The class certification hearing, completion of non-expert discovery, filing of dispositive motions deadline, and trial are all currently scheduled to occur earlier in <u>Kouri</u> than in the instant action.  (ECF Nos. 26, 33; <u>Kouri</u>, ECF No. 32-1.)  No party in either action has yet made a motion to dismiss or motion for summary judgment, and neither action has had a final judgment entered.  Because the <u>Kouri</u> action has a notice of settlement and a pending motion for Preliminary Approval of Class Action Settlement, it may actually be the case that <u>Kouri</u> has developed further than the instant action. (<u>Kouri</u>, ECF Nos. 48, 50.)

The cases Plaintiffs cite in urging the Court to override the first-to-file rule can be distinguished from the instant case.  (<u>See</u> ECF No. 42 at PageID 394.)  One case involved identical complaints filed merely days apart by the same plaintiff against the same defendant in different district courts.  <u>Orthmann v. Apple River Campground, Inc.</u>, 765 F.2d 119 (8th Cir. 1985).  Two cases involved situations in which the later-filed action had a final judgment entered that was appealed, reversed, and remanded back to the district court before the earlier action had progressed to a final judgment.  <u>Id.</u>; <u>Church of Scientology v. United States Dep't of Army</u>, 611 F.2d 738 (9th Cir. 1979) (overruled on different grounds).  A number of these cases involve motions for transfer

of venue under 28 U.S.C. § 1404(a), and in at least one case there was evidence of the earlier-filed action being an anticipatory suit motivated by forum shopping.  Mayfield v. Boeing Co., No. 3:06-0883, 2007 WL 9683907 (M.D. Tenn. June 4, 2007); One World Botanicals v. Gulf Coast Nutritionals, 987 F. Supp. 317 (D.N.J. 1997).  These circumstances are not present in the instant action.

     Plaintiffs allege that FedEx used the instant action as leverage to secure a favorable settlement in the Kouri action.  (ECF No. 42 at PageID 384–87.)  However, it does not appear that this conduct rises to a showing that FedEx acted in bad faith and or demonstrated a lack of candor.  (Id.)  Plaintiffs' argument can be summarized as an argument that the plaintiff in the Kouri action and FedEx engaged in "behind-the-scenes dealmaking" and collusion to reach a settlement agreement at the expense of Plaintiffs in the instant action.  (Id. at PageID 386.)  However, a Joint Report of Mediation was filed in the Kouri action on March 17, 2022 which noted that the "case did not settle at the mediation; however, the parties are continuing settlement discussions in the hope of informally resolving the matter."  (Kouri, ECF No. 34.)  Plaintiffs were aware of the parallel Kouri litigation no later than the May 25, 2022 status conference, if not earlier, and should have been aware that there were settlement negotiations underway in the Kouri action.  (ECF No. 29.)  While Plaintiffs may be unhappy with the results of these settlement negotiations, it does not appear that FedEx or the Kouri plaintiff made attempts to conceal the fact that they were working towards a settlement or engaged in any bad faith negotiation as alleged.

     The issues raised by Plaintiffs do not rise to the level of equitable considerations that would justify a deviation from the first-to-file rule.

## IV.     CONCLUSION

For the foregoing reasons, FedEx's Motion is **GRANTED**.  The instant action and all deadlines, including motion and discovery deadlines, are stayed pending a ruling in Janne Kouri v. Federal Express Corporation, No. 2:21-cv-08066-DMG-JEM (C.D. Cal.) on the final approval of the proposed settlement.

**SO ORDERED**, this 21st day of October, 2022.

s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE